UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-22251-BLOOM

KESCHENER DESTIN,

    Petitioner,

v.

STATE OF FLORIDA,

    Respondent.
_____/

### ORDER DENYING MOTION FOR LEAVE TO RELEASE THE PETITIONER

**THIS CAUSE** is before the Court upon Petitioner Keschener Destin's ("Petitioner") Motion for Leave to Release the Petitioner, ECF No. [10] ("Motion"), filed pursuant to Federal Rule of Appellate Procedure 23. Petitioner requests that the Court enter an order releasing him on personal recognizance from state custody while his 28 U.S.C. § 2241 petition for writ of habeas corpus remains pending in this Court. ECF No [10] at 1; *see also* Fed. R. App. P. 23(b)(3). The Court finds that (1) Rule 23 does not apply to these proceedings, and (2) even if it did, Petitioner has not demonstrated that he is entitled to such a rare and extraordinary remedy.

Federal Rule of Appellate Procedure 23(b) provides that "[w]hile a decision not to release a prisoner is under review, the court or judge rendering the decision . . . may order that the prisoner" be either detained or released from custody "on personal recognizance, with or without surety." Fed. R. App. P. 23(b). Rule 23(b) "does not itself set forth any substantive criteria for determining detention or release[.]" *United States v. Dade*, 959 F.3d 1136, 1138 (9th Cir. 2020). Instead, "[b]ail pending a decision in a habeas case is reserved for extraordinary cases involving special circumstances or a high probability of success." *Land v. Deeds*, 878 F.2d 318, 318 (9th Cir.

1989); *see also Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992) ("We stated that the factual predicate for the exercise of such power was a finding of 'extraordinary circumstances.'").

To begin, the Court finds that Rule 23(b) does not apply to habeas petitions that remain pending before a federal district court. Federal courts around the country have concluded that the plain language of Rule 23(b) "appears to apply only to motions for release filed *after* the district court has issued a decision on the merits of a habeas petition." *Hall v. San Francisco Super. Ct.*, No. 09-5299, 2010 WL 890044, at *1 (N.D. Cal. Mar. 8, 2010) (emphasis in original) (citing *Landano*, 970 F.2d at 1238); *see also Pethel v. Att'y Gen. of Ind.*, 704 F. Supp. 166, 169 (N.D. Ind. 1989) ("Since no decision has yet to be entered on the petition for writ of habeas corpus . . . it would appear that Rule 23 of the Federal Rules of Appellate Procedure simply does not apply to the situation presently before the court."); *United States v. Artica-Romero*, No. 18-cv-969, 2018 WL 4627620, at *2 n.2 (M.D. Fla. Aug. 14, 2018) ("By its terms, Rule 23 applies only after the district court has ruled on [a habeas petition] and the ruling is on appellate review."), *report and recommendation adopted*, 2018 WL 3968965 (M.D. Fla. Aug. 20, 2018); *Maddox v. Thomas*, No. 18-00133, 2018 WL 2187976, at *5 (D. Haw. May 11, 2018) ("[Rule 23] has no application to petitions on initial review."); *Rhodes v. Dobbs*, No. 20-1725, 2020 WL 4018392, at *2 (D.S.C. July 16, 2020) ("In the present case, the district court has not issued a decision on Petitioner's habeas petition. Accordingly, Fed. R. App. P. 23 is not applicable, as the case is not on appeal."); *but see Baxter v. Washburn*, No. 18-cv-01007, 2018 WL 3040576, at *2 (W.D. Tenn. June 19, 2018) ("The Court is authorized to order the release of prisoners, in appropriate circumstances, pending resolution of their habeas petitions."). This Court adopts the majority view and concludes that Rule 23(b) is inapplicable to the instant case.

If, however, district courts "have the authority to grant bail pending resolution of a habeas

petition," then relief "is reserved for 'extraordinary cases involving special circumstances or a high probability of success.'" *United States v. McCandless*, 841 F.3d 819, 822 (9th Cir. 2016) (quoting *Land*, 878 F.2d at 318); *see also, e.g.*, *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974) ("Bail should be granted to a [prisoner] pending postconviction habeas corpus review only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective."); *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986) ("Release on bail pending disposition of the habeas petition, or pending appeal, requires the habeas petitioner to show not only a substantial federal constitutional claim . . . but also the existence of [some exceptional circumstance]." (internal citations omitted)).

Petitioner has failed to meet this exceptionally demanding standard. First, the Motion does not allege that Petitioner is facing a unique "special circumstance" which warrants the application of Rule 23(b). *See* ECF No. [10]. Mere belief that Petitioner's detention is illegal is insufficient since all habeas petitioners share this same circumstance. *See Landano*, 970 F.2d at 1239 ("Very few cases have presented extraordinary circumstances, and those that have seem to be limited to situations involving poor health or the impending completing of the prisoner's sentence."). Second, the Court finds that there is not a high probability that the § 2241 petition will be granted on the merits. The Petition challenges Petitioner's pretrial detention incident due to a pending state-court prosecution in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. ECF No. [1] at 2. In such a circumstance, it is highly likely that the abstention doctrine under *Younger v. Harris*, 401 U.S. 37 (1971) applies and that Petitioner will not be entitled to any habeas relief. *See Johnson v. Florida*, 32 F.4th 1092, 1102 (11th Cir. 2022) ("This is a classic case for *Younger* abstention. Johnson faces valid state criminal charges. He believes that he has a

potential constitutional defense to those charges, but, as we've explained, he can raise that defense in the state courts of Florida.").

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Motion for Leave to Release the Petitioner, **ECF No. [10]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 25, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Keschener Destin, *Pro Se*
190139258
Metro West
Inmate Mail/Parcels
13850 NW 41st Street
Miami, FL 33178