UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-22251-BLOOM

KESCHENER DESTIN,

    Petitioner,

v.

STATE OF FLORIDA,

    Respondent.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Petitioner Keschener Destin's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, ECF No. [1], ("Petition"). Petitioner, a state pretrial detainee, raises various challenges to his pending state charges. *See generally id.* Respondent filed a Response, ECF No. [12], and an Appendix to Response, ECF No. [13], with attached exhibits, ECF Nos. [13-1]–[13-3]. Petitioner thereafter filed a Reply, ECF No. [14], and a supplemental Reply, ECF No. [18], to Respondent's Notice of Filing State Court Transcript, ECF No. [17]. The Court has carefully considered the parties' written submissions, the record, and the applicable law. For the reasons set forth below, the Petition is denied.

### I. BACKGROUND

Petitioner challenges the criminal charges pending against him in the Eleventh Judicial Circuit in and for Miami-Dade County, in case numbers F19-008825 and F20-006666. *See generally* ECF No. [1].

    **A.** *F20-006666*

Since the Petition was filed, the criminal charge of battery on a corrections officer in case number F20-006666 has been dismissed and the case was closed on August 23, 2022.[1]

### B. *F19-008825*

Petitioner is charged with separate counts of attempted murder and petit theft. *See* ECF No. [13-1] at 30–33.[2] The May 7, 2019, arrest affidavit includes the following factual summary:

> The Defendant and victim were involved in a dating relationship but broke up approximately two months ago.
>
> On May 2, 2019, the Defendant stabbed the victim multiple times with a knife from inside the victim's residence. The victim was stabbed in the neck, arm, and back. As a result of the stabbing, Miami-Dade Fire Rescue airlifted the victim in critical condition to Jackson Ryder Trauma Center.
>
> The victim positively identified the defendant in a single photograph as the person who stabbed her.
>
> The witness observed the defendant leaving the residence after the stabbing and heard his mother screaming for help. The witness identified the defendant as the person who is seen leaving the residence after the incident.
>
> Post Miranda, the Defendant admitted to being at the victim's residence during the listed incident and having the knife during the stabbing.

*Id.* at 35–36. To date, the charges remain pending, and the case has not yet proceeded to trial or any other final disposition.[3]

---

[1] The Court takes judicial notice of the Miami-Dade County Clerk of Courts online docket at: https://www2.miami-dadeclerk.com/cjis/CaseSearch.aspx. *See Paez v. Sec'y, Fla. Dep't of Corr.,* 947 F.3d 649, 651 (11th Cir. 2020) (holding that district court could take judicial notice of online state court dockets).

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[3] The Court takes judicial notice of the Miami-Dade County Clerk of Courts online docket at: https://www2.miami-dadeclerk.com/cjis/CaseSearch.aspx. *See Paez,* 947 F.3d at 651.

Petitioner filed the instant Petition on July 15, 2022.[4] Therein, he raises four grounds for relief. In Ground One, Petitioner asserts that his Fourth Amendment rights were violated by the filing of charges derived "from an involuntary confession[.]" ECF No. [1] at 7. In Ground Two, Petitioner asserts a due process violation under the Fifth Amendment and argues that the State acted in bad faith by filing additional charges against him in case number F20-006666. *See id.*[5] In Ground Three, Petitioner reasserts the same claim in Ground Two, but alleges a violation under the Fourteenth Amendment. *See id*. Finally, in Ground Four, Petitioner asserts an Eighth Amendment violation based on "the totality of the circumstances [in] the three grounds listed above[.]" *Id*. at 8.

## II. DISCUSSION

### A. *Grounds Two and Three: Mooted Claims*

Grounds Two and Three are premised on the filing of new charges in case number F20-006666. As explained, that case has been dismissed. Grounds Two and Three are thus denied as moot.

### B. *Grounds One and Four: Younger Abstention*

Courts must dismiss a § 2241 petition challenging a state-court pretrial detainee's criminal charges when principles of equity, comity, and federalism counsel abstention in deference to ongoing state court proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires federal courts to refrain from interfering with pending state criminal proceedings "when the

---

[4] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted).

[5] In Grounds Two and Three, Petitioner cites to Exhibit B in reference to the additional charges filed again him. *See* ECF No. [1] at 7. Exhibit B is an inmate disciplinary report concerning Petitioner's alleged battery on a corrections officer. *See* ECF No. [1-2] at 2–4. The Court thus concludes that the added charges Petitioner references are those filed in case number F20-006666.

moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 43–44.

*Younger* abstention applies "when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) (citation omitted). "Federal courts have consistently recognized this limitation on enjoining state criminal prosecutions unless one of a few narrow exceptions is met." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 (11th Cir. 2004) (footnote call number omitted). Those narrow exceptions include when "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.* at 1263 n.6 (citation omitted).

As explained, case number F19-008825 is currently in a pretrial posture. The case constitutes an ongoing state judicial proceeding that implicates important state interests. Moreover, there are adequate opportunities in the state proceedings for Petitioner to raise constitutional challenges. As detailed by Respondent, Petitioner has already raised numerous constitutional challenges in state court. *See* ECF No. [12] at 4–9. *Younger* abstention therefore applies.

Petitioner fails to identify an exception to the *Younger* abstention doctrine that would permit the Court's review of remaining Grounds One and Four. *See generally* ECF No. [1]. Liberally construed, Petitioner appears to assert in Ground One that the filing of charges in case number F19-008825, stemming from an involuntary confession, establishes bad faith. *See id*. at 7. However, Petitioner's claim is refuted by the record. As explained above, the State's case is not based solely on a confession. Rather, charges were filed based on the testimony and evidence derived from the victim and witness. The Court finds no evidence of bad faith or any other exception to the *Younger* abstention doctrine. Ground One is thus denied.

4

In Ground Four, Petitioner asserts an Eighth Amendment violation based on "the totality of the circumstances [in] the three grounds listed above[.]" ECF No. [1] at 8. Because Grounds One, Two, and Three are denied, Ground Four must also be denied.

### C. *Evidentiary Hearing*

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016). Here, the issues presented can be resolved based on the record before the Court. Because the Court can "adequately assess [Petitioner's] claim[s] without further factual development[,]" he is not entitled to an evidentiary hearing. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003).

### D. *Certificate of Appealability*

A prisoner seeking to appeal a district court's final order denying his or her petition for writ of habeas corpus has no absolute entitlement to appeal; rather, to do so, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where the district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists "would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the district court rejects a petitioner's claims on procedural grounds, the petitioner must additionally show that "jurists of reason" would find the district court's procedural ruling "debatable." *Id*.

Case No. 22-cv-22251-BLOOM

Upon consideration of the record, the Court denies a certificate of appealability on all grounds.

### III. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner Keschener Destin's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, **ECF No. [1]**, is **DENIED**.

2. A certificate of appealability is **DENIED**. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and thus, Petitioner is not entitled to appeal *in forma pauperis*.

3. To the extent not otherwise disposed of, any pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 6, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Keschener Destin
190139258
Miami-Dade County-MW
Metro West
Inmate Mail/Parcels
13850 NW 41st Street
Miami, FL 33178
PRO SE